UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEILA CRUZ McCOY, | ) Case No. SACV 21-00583-JAK (JPR) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING ACTION FOR |
| | ) FAILURE TO PROSECUTE |
| U.S. DEP'T OF HOUSING & URBAN DEVELOPMENT et al., | ) |
| Defendants. | ) |

On March 29, 2021, Plaintiff filed this civil-rights action pro se.  On August 6, 2021, the Court dismissed the Complaint with leave to amend because it failed to state a claim on which relief could be granted.  The Court warned Plaintiff that if she failed to file a First Amended Complaint by October 4, 2021, her lawsuit could be dismissed.  On August 30, 2021, the Court's dismissal order was returned as undeliverable, with the notation "Returned to Sender — Not Deliverable as Addressed — Unable to Forward."  She has not filed a change of address.

Local Rule 41-6 provides that

[a] party proceeding pro se must keep the Court . . . informed of the party's current address . . . .  If a

1

<mark>
</mark>
<mark>
</mark>

> Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629–30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In deciding whether to dismiss a lawsuit for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. Plaintiff has ceased communicating with the Court and failed to file a change of

address. She has not rebutted the presumption of prejudice to Defendants, nor is any less drastic sanction available. The Court cannot simply leave her lawsuit hanging on its docket with the hope that she might someday reappear. See Scott v. Belmares, 328 F. App'x 538, 539 (9th Cir. 2009) (affirming dismissal of civil-rights lawsuit in part because pro se plaintiff failed to keep court apprised of change of address under Local Rule 41-6). Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits.

    Thus, this action is dismissed under the Court's inherent power to achieve the orderly and expeditious disposition of cases and because Plaintiff has failed to comply with Local Rule 41-6.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 13, 2021

_____
JOHN A. KRONSTADT
U.S. DISTRICT JUDGE

Presented by:

_____
Jean P. Rosenbluth
U.S. Magistrate Judge